## Case No. 9,066.

### The MARENGO.

[1 Spr. 506.] 1

District Court, D. Massachusetts. Nov., 1859.

SHIPPING—PART OWNER—DISSENT TO VOYAGE—STIPULATION TO RETURN—RETURNED OUTFITS.

1. Where the owner of one-fourth of a whale ship, before any preparation had been made for a new voyage, gave notice to the owners of the major part, that he would not pay anything toward outfits or expenses for a new voyage, but did not say, in terms, that he should not dissent from the voyage, or apply for security for the return of his quarter part, until the vessel was nearly ready for sea; but it did not appear that the major part owners had been misled, or subjected to any loss by such delay: *Held*, that the libellant was entitled to security, by stipulation for the return of the vessel; and that such re-

1 [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

turn should be to the port of New Bedford, to which the vessel belonged.

2. The libellant's part of the returned outfits will not be included in the estimated value of his part of the vessel, when he verbally requests the court not to include them.

3. Whether they could be included, if desired by the libellant, quaere.

In admiralty.

T. D. Eliot and T. M. Stetson, for claimants, cited Christie v. Craig, 2 Mer. 137.

W. W. Crapo, for libellant, cited Haskins v. Pickersgill, 2 Marsh. Ins. 727; The Dundee, 1 Hagg. Adm. 109; Gale v. Laurie, 5 Barn. & C. 156; Richardson v. Clark, 15 Me. 421; Lano v. Neale, 2 Starkie, 105; Kynter's Case, 1 Leon. 46, 47; Starr v. Goodwin, 2 Root, 71; Briggs v. Strange, 17 Mass. 405, 20 Roccus, Moll. de J. Mar. lib. 2, c. 1, § 8; Emerigon, c. 4, § 7; Hall v. Ocean Ins. Co., 21 Pick. 472. See, also, Shannon v. Owen, 1 Man. & R. 392; Willings v. Blight [Case No. 17,765]; The Orleans v. Phoebus, 11 Pet. [36 U. S.] 175; The Seneca [Case No. 3,650]; Loring v. Illsley, 1 Cal. 24; The Apollo, 1 Hagg. Adm. 311; The Petrel, 3 Hagg. Adm. 299; Rodick v. Hinckley, 8 Greenl. 274; Fox v. Paine [Case No. 5,014]; Buddington v. Stewart, 14 Conn. 404; 3 Kent, Comm. 153, 156; Graves v. Sawcer, 1 T. Raym. 15, 1 Lev. 29; Gould v. Etanton, 16 Conn. 12; Moody v. Buck, 1 Sandf. 304; Langton v. Horton, 6 Jur. 594, 23 Leg. Obs. 524; 2 Starkie, 105; Woods v. Russell, 5 Barn. & Ald. 942.

SPRAGUE, District Judge. The libellant, owner of one-fourth of the ship Marengo, prays the court to require the claimants, owners of three-fourths, to give security, by stipulation, for the return of that ship from a whaling voyage, on which they are about to send her, against the will of the libellant.

The claimants object, on the ground that the libellant did not dissent from the voyage, or make known his intention to ask for security, until after the claimants had expended a very large sum in preparations and outfits for the voyage, and the ship was nearly ready for sea. It is admitted, however, that the libellant did, in due season, give notice to the claimants, that he, the libellant, would not fit his quarter part of the Marengo, or pay any of the bills for the contemplated voyage. It is not alleged in the answer, that the omission of the libellant to give notice of his intention to ask security, or make a more explicit declaration of his dissent, has caused any loss or inconvenience to the claimants, or that it would in any manner have changed or affected their determination, as to the voyage, or their action in relation thereto. The court cannot, either from the allegations of the answer, or from the evidence, infer that such delay, on the part of the libellant, has worked any injury or inconvenience to the claimants.

Beside this, the letter of the fifth of May, which was before the claimants had begun to

prepare this ship for sea, was an express notice, that the libellant would not unite in the preparations for this voyage, or bear any part of the expenses thereof. This, surely, was sufficient to indicate to the claimants, that he did not concur in the contemplated enterprise, and the claimants could hardly have believed that the libellant was willing that his one-fourth of the ship should be sent upon a whaling voyage, of three or four years' duration, not only without compensation to the libellant, and for the sole benefit of the claimants, but also without any security for the final restoration of his property. And it is not even alleged in the answer, that the claimants went forward in the fitting of this vessel, under the belief that the libellant did not dissent from the voyage, or would not claim the security now asked. The only case cited to sustain this defence, is Christie v. Craig, 2 Mer. 137. That was an application to the chancellor, just as the vessel was about to sail. It seems to have been an ex parte motion, which the chancellor would not grant, without further inquiry. It did not appear that the applicant had, in any way, indicated to the major-part owners, that he should not concur in the voyage, or warned them against incurring expenses or liabilities; and the chancellor states that they had made charter-parties, and might be subjected to demurrage. That case was quite different from the present. If it had appeared that the libellant had once assented to this voyage, either expressly, or impliedly by knowing that the ship's husband would, in the usual course of business, prepare the vessel for sea, under the general authority previously given by all the owners, and had permitted the agent to incur large expenses in these preparations, certainly the court would have taken those facts into consideration, and either refused this application altogether, or granted it only upon such terms as would do justice to the claimants. But upon the answer, and. I may add, the evidence also, in this case, I do not think the objection can be sustained.

The remaining question is, for what shall the stipulation be taken? It seems, from the case of The Apollo, 1 Hagg. Adm. 306, that in the high court of admiralty in England, it is taken for the estimated value of the ship. But, in this court, the practice has been to take security in double the estimated value. Dun. Adm. Prac. 473. This is also the practice in the district court of the United States in Philadelphia.—Fox v. Paine [Case No. 5,014],—and this practice I shall follow.

In determining what shall be the estimated value, the question has arisen, whether the outfits which remained upon the return of the vessel from a former whaling voyage, in which all the owners had united, should be included. Those returned outfits were the property of all the owners in common. It is insisted, that the libellant's one-fourth of those returned outfits should be included in the stipulation, as constituting a part of the vessel, or of her tackle, apparel, and furniture, as a whale ship. The libellant insists that they ought not to be so included, and that they constitute no part of the ship, for the return of which he asks for security. This question may be disposed of, by saying that the court does not think it necessary to go into an inquiry, as to the value of articles of property, for the purpose of including, the amount thereof in the stipulations, when the libellant does not desire such increase of his security; or, in other words, that the court need not give to the libellant more than he asks.

That the outfits are capable of a separate valuation, there is no doubt. Every witness, to whom that question has been put, has given a separate valuation of the ship, and of the outfits, without suggestion that there was any difficulty in making the distinction. The libellant, by his counsel, verbally requests the court for a stipulation upon the estimated value of the ship, without including the outfits, and that is what I shall give. I do not go into the question, whether the libellant might have had the outfits, included in the valuation, nor whether the claimants have the right to hold and use the returned outfits, upon the same terms as they have a right to hold and use the ship. Upon the actual request made by the libellant, I do not think it necessary to go into that inquiry. Upon the evidence, I think that the libellant's quarter part of the ship. exclusive of the returned outfits, was of the value of $1,700; and I shall require a stipulation in double that amount. As to costs, the claimants insist that no costs should be awarded to the libellant, because the whole litigation has arisen from his refusal of a reasonable proposition to give security out of court. This renders it necessary to look into the correspondence. Both parties offered to refer the valuation, upon which security was to be given, to suitable men; but the claimants insisted that the returned outfits should be included in such valuation, and to this the libellant would not accede. The adjustment out of court was prevented by the claimants insisting that the question of their right to hold and use the returned outfits, as a part of, or appurtenant to, the vessel, and give security therefor accordingly, should be settled at the same time with the valuation. But as the libellant was then, as now, willing to take security for the vessel only, there was no necessity for connecting with that the question of the right to the outfits. The claimants might have agreed to a valuation of the vessel, therefore, without yielding their claim to the use of the outfits, but reserving it to the same extent as it is now left, untouched by the decree of the court. If they had done this, the litigation would probably have been prevented.

I must award costs to the libellant.

The vessel having been heretofore delivered to the claimants, on stipulation, the de-

cree will be, that they give a stipulation, with sureties for the return of the vessel to the port of New Bedford. This being a whale ship, and all the owners resident in New Bedford, I think she should be returned to that port.

[NOTE. Subsequently, upon the safe return of the vessel. the libellant, who had objected to its being sent on the voyage, filed a libel in this court to recover damages or compensation for the use of his part of the vessel, together with certain outfits consumed in the course of the voyage. The court held that, since the libellant had received a stipulation from the other owners for the vessel's safe return, he was not entitled to compensation for the use of his part of the vessel during the voyage. and that a court of admiralty had no jurisdiction of his claim for the use or destruction. during the voyage, of his part of the outfits. The remedy was in equity. The bill, therefore, was dismissed. Case No. 9,065.]